## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | |
|---|---|
| **KENISHA SNIPES,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Case No. 4:20-CV-1483-SNLJ |
| ) | |
| **HALLMARK INS. CO.,** ) | |
| ) | |
| **Defendant.** ) | |

### MEMORANDUM AND ORDER

Plaintiff Kenisha Snipes brought this action against defendant American Hallmark Insurance Co. of Texas (improperly named Hallmark Insurance Co.) for breach of an insurance contract related to a house fire. Defendant has moved to dismiss. [#10.]

**I.      Factual Background**

The following facts are presumed true for the purposes of the motion to dismiss. On July 9, 2011, plaintiff's home caught fire, causing damage to the house and its contents. The house and contents were a "total loss." Plaintiff had a homeowners insurance policy issued by defendant at the time of the fire. Plaintiff states that because the home and contents were a "total loss," she was entitled to the full insurable amount shown on the policy for building, loss of use, and contents.

Plaintiff contends that defendant breached its contract of insurance with plaintiff by failing to promptly and reasonably adjust the claim, provide adjusters and/or agents to properly evaluate her claim, timely provide sufficient funds for repairs and replacement of the property and contents, pay for sufficient living expenses, and promptly adjust and

properly pay the policy limits for plaintiff's loss. Plaintiff pleads that she provided proper notice of her losses under the terms of the policy, but that defendant has failed to reimburse her for her losses. She also claims vexatious delay of reimbursement. Plaintiff's prayer for relief seeks damages, pre and post-judgment interest, attorney's fees, and costs.

**II.     Legal Standard**

The purpose of a Rule 12(b)(6) motion to dismiss is to test the legal sufficiency of a complaint so as to eliminate those actions "which are fatally flawed in their legal premises and designed to fail, thereby sparing litigants the burden of unnecessary pretrial and trial activity." *Young v. City of St. Charles*, 244 F.3d 623, 627 (8th Cir. 2001) (quoting *Neitzke v. Williams*, 490 U.S. 319, 326-27 (1989)). In addressing a motion to dismiss, a court must view the allegations of the complaint in the light most favorable to the plaintiff. *United States ex rel. Ambrosecchia v. Paddock Laboratories, LLC.*, 855 F.3d 949, 954 (8th Cir. 2017). A complaint must be dismissed for failure to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (abrogating the prior "no set of facts" standard set forth in *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). Courts "do not require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face." *Id.* at 555. A complaint must set forth factual allegations which are enough to "raise a right to relief above the speculative level." *Id.* at 555. However, where a court can infer from those

factual allegations no more than a "mere possibility of misconduct," the complaint must be dismissed. *Cole v. Homier Distributing Co., Inc.*, 599 F.3d 856, 861 (8th Cir. 2010) (citing *Ashcroft v. Iqbal*, 556 U.S. 662 (2009)).

### III.   Discussion

Defendant moves to dismiss the complaint in its entirety.

First, defendant argues that plaintiff neither specifically identifies the rights and obligations of the parties under the insurance policy, nor did she attach a copy of the policy that forms the basis of a suit.  To state a claim for breach of contract, a party must plead  "(1) the existence and terms of a contract; (2) that plaintiff performed or tendered performance pursuant to the contract; (3) breach of the contract by the defendant; and (4) damages suffered by the plaintiff." *Keveney v. Missouri Military Academy*, 304 S.W.3d 98, 104 (Mo. *banc* 2010). "A party 'fails to state a claim for breach of contract [if] it does not set out [the claimant's] rights or [the defendant's] obligations under the contract.'" *Reitz v. Nationstar Mortg., LLC*, 954 F.Supp.2d 870, 884 (E.D. Mo. 2013) (quoting *Trotter's Corp. v. Ringleader Restaurants, Inc.*, 929 S.W.2d 935, 941 (Mo. App. 1996)).

Although plaintiff identifies the insurance policy by  its number and lists a number of ways defendant allegedly breached the contract, defendant argues that her allegations do not include the parties' rights and obligations under the contract.  Plaintiff argues that she did allege that defendant's insurance policy promised "to provide insurance coverage for any property damages losses, or casualty losses" that the plaintiff sustained at the identified property.  She also alleged that defendant "breached their contract and its

3

obligation to this plaintiff in failing to reimburse plaintiff for her damages and covered losses under the terms of the policy."  Plaintiff also that she did not have the contract and that defendant had not given it to her when her attorney requested it.  Defendant states in its reply brief that it has now provided plaintiff's counsel with the contract.

Circumstances here are not like those in *DeBord v. National Lloyds Ins. Co.*, No. 1:15cv8 SNLJ, 2015 WL 1526088 (E.D. Mo. April 2, 2015), as urged by defendant.  In *DeBord*, the plaintiff failed to set out the provisions of the policy providing coverage for the loss, and plaintiff also failed to even allege the type of loss suffered.  *Id.* at *2.  Plaintiff here stated that the policy covered "all losses" and that her losses were caused by a fire resulting in a "total loss" to the building and its contents.  Plaintiff's petition is not a model complaint; however, plaintiff adequately identified the contract, her right to insurance coverage under the policy, her responsibilities, the defendant's breach, and her damages.  Viewed in a light most favorable to plaintiff, the complaint sets forth a claim to relief that is plausible on its face.  *See Twombly*, 550 U.S. at 570.

Next, defendant argues that the complaint must be dismissed because it improperly seeks attorneys' fees.  Defendant at first contended that plaintiff improperly sought vexatious refusal damages, including attorneys' fees, but plaintiff denies that her complaint includes a count for vexatious refusal to pay despite its language regarding vexatious delay.  Generally, Missouri "follows the 'American Rule' which is that with few exceptions, absent statutory authorization or contractual agreement, each litigant must bear the expense of his own attorney's fees." *Washington Univ. v. Royal Crown*

4

*Bottling Co.*, 801 S.W.2d 458, 468 (Mo. App. 1990).  This Court has dismissed a plaintiff's prayer seeking attorneys' fees where plaintiff has not pleaded the existence of special circumstances that would give rise to an exception to the American Rule.  *See Suburban Leisure Ctr., Inc. v. AMF Blowing Products, Inc.*, 4:06CV188DJS, 2008 WL 695394, at *2 (E.D. Mo. Mar. 12, 2008).  Although this Court declines to dismiss the entire complaint due to this defect as requested by defendant, the Court will dismiss the request for attorneys' fees.

Accordingly,

**IT IS HEREBY ORDERED** that defendant's motion to dismiss [#10] is DENIED in part and GRANTED in part.

**IT IS FURTHER ORDERED** that plaintiff's request for attorneys' fees is DISMISSED.

Dated this  7th  day of April, 2021.

_____
STEPHEN N. LIMBAUGH, JR.
SENIOR UNITED STATES DISTRICT JUDGE